UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSBEL ABRAHANTE BREIJO,

      Petitioner,

v.                                                    Case No.:  2:26-cv-01493-SPC-NPM

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER,

      Respondent,

                                    /

## OPINION AND ORDER

Before the Court are petitioner Osbel Abrahante Breijo's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).  For the below reasons, the Court grants the petition.

Abrahante Breijo is a native of Cuba who was paroled into the United States as a minor in September 2009 and later became a lawful permanent resident.  Following convictions for drug possession, driving on a suspended license, and possession of alcohol by a person under 21, an immigration judge ordered him removed on July 10, 2023.  Immigration and Customs Enforcement ("ICE") was unable to remove him, so it released him under an order of supervision on July 28, 2023.

On December 6, 2025, local law enforcement arrested Abrahante Breijo for possession of a controlled substance, and ICE issued an immigration detainer.  On January 22, 2026, ICE took custody of Abrahante Breijo and

revoked his release for this reason: "It is appropriate to enforce your removal order[.]" (Doc. 3-10 at 1). He is currently detained at Alligator Alcatraz. Abrahante Breijo challenges the legality of his detention because removal is not likely in the reasonably foreseeable future.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The government argues Abrahante Breijo's petition is premature because his current detention has not exceeded 180 days. They assume a six-month presumptively reasonable period of detention starts each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Abrahante Breijo has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Cuba refused to accept him for repatriation in 2023, and no change in circumstances

makes removal more likely now.  The burden thus shifts to the government, but it makes no attempt at rebuttal.

The Court finds no significant likelihood Abrahante Breijo will be removed in the reasonably foreseeable future.  He is entitled to release from detention under *Zadvydas*.  If removal becomes likely in the reasonably foreseeable future, ICE can detain Abrahante Breijo to "assur[e] [his] presence at the moment of removal."  *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Osbel Abrahante Breijo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondent shall release Abrahante Breijo within 24 hours of this Order and provide him with telephone access so he can arrange his transportation from the facility.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record